UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TAVARES BROOKS,

    Petitioner,                                    Civil No.  05-CV-10056-BC
                                                    Criminal No.  03-CR-20014-BC-01

v.

                                                      DISTRICT JUDGE DAVID M. LAWSON
UNITED STATES OF AMERICA,          MAGISTRATE JUDGE CHARLES BINDER

    Respondent.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE OR CORRECT SENTENCE

**I.      RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Petitioner's motion under 28 U.S.C. § 2255 be **DENIED**.

**II.     REPORT**

    **A.      Introduction**

Pending, pursuant to an Order of Reference from United States District Judge David Lawson (Dkt. 41), is the above-entitled motion filed under 28 U.S.C. § 2255 to vacate Petitioner's federal custodial sentence. The motion was filed on February 18, 2005. (Dkt. 40.) Respondent filed an answer opposing the motion on April 21, 2005 (Dkt. 43), and Petitioner filed a reply on May 6, 2005 (Dkt. 44).  Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), this motion is ready for Report and Recommendation without oral argument.

B.   **Procedural History**

On March 12, 2003, the grand jury returned a multi-count indictment charging Petitioner and one other defendant with violation of the Controlled Substances Act. (Dkt. 3.) The charges against Petitioner were contained in Counts I through V of the indictment. In Counts I through IV, Petitioner was charged with distributing five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1), and in Count V, Petitioner was charged with distribution of crack cocaine, as well as aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On April 17, 2003, the Government filed a notice of penalty enhancement based on Petitioner's prior criminal conviction history. (Dkt. 4.)

A plea agreement was subsequently negotiated, and on July 30, 2003, Petitioner pled guilty to Count III of the indictment, which charged Petitioner with the distribution of five or more grams of crack cocaine. The remaining charges against Petitioner were dismissed. As part of the Rule 11 Plea Agreement, Petitioner agreed that he was personally responsible for the distribution of between 50 and 150 grams of cocaine, and he acknowledged that he had committed this offense subsequent to another felony drug conviction. On February 18, 2004, Petitioner was sentenced to a 151 month custodial sentence. (Dkt. 36.) No direct appeal was filed. Exactly one year later, Petitioner filed the instant motion.

C.   **Analysis and Conclusions**

1.   **Governing Law of § 2255**

In order to prevail on a § 2255 motion, a petitioner must show a "fundamental defect which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A § 2255 motion is not a substitute for a direct appeal. When a petitioner raises a claim under § 2255 that he failed to raise

2

at the appellate level, a court is generally precluded from reviewing the merits of such a claim unless a petitioner can show: (1) cause for his failure to raise the claim earlier in a direct appeal; and (2) actual prejudice stemming from the alleged violation. *See Reed v. Farley*, 512 U.S. 339, 354-55, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).

### 2.   Petitioner's Claim

Petitioner alleges in the instant motion that Judge Lawson held him responsible for the distribution of 50 to 150 grams of crack cocaine in spite of the fact that Petitioner pled guilty to distributing only 23.1 grams of crack cocaine. Petitioner asserts that pursuant to *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), only a jury could hold him responsible for the greater amount, and in so doing Judge Lawson violated Petitioner's Sixth Amendment right to jury trial.

Respondent correctly points out that in *Booker*, the Supreme Court explicitly provided that the holding in that case was to be applied "to all cases on direct review," *Booker*, 125 S. Ct. at 769, but that the Court failed to extend *Booker's* holding to motions such as this seeking post-conviction relief. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005); *Bailey v. United States*, No. 04-73018, 2005 WL 1049980 (E.D. Mich. April 19, 2005) (Roberts, J.). I note in addition that as of this date, every other federal court of appeals to have thus far considered the issue has held that *Booker* does not apply retroactively to cases on collateral review. *See, e.g., Guzman v. United States*, 404 F.3d 139, 143-44 (2nd Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress*, 398 F.3d at 857; *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Lloyd v. United States*, No. 04-3549, 2005 WL 1155220 (3rd Cir. N.J. May 17, 2005). I therefore suggest that Petitioner's

3

motion be denied as the relief provided by the Supreme Court in *Booker* is unavailable to Petitioner on the collateral review requested in the instant motion.

I further suggest that, with regards to Respondent's alternative argument that even if *Booker* was available to Petitioner, the sentencing terms complained of by Petitioner in the instant motion do not constitute a violation of *Booker*, as the record evidences that Petitioner's sentence was enhanced by the amount of crack cocaine for which he admitted responsibility at his plea, and not by some other amount attributed to him by the Court in sentencing.

### III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

    s/ *Charles E Binder*
    CHARLES E. BINDER
Dated: June 1, 2005    United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Notice was electronically filed this date, electronically served on James Mitchell, and served in the traditional manner on Tavares Brooks and Honorable David M. Lawson.

Dated: June 1, 2005                                      By    s/Mary E. Dobbick
                                                                                Secretary to Magistrate Judge Binder